IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATHRYN GRACE DIRKS, | § | |
| #68935-112, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-288-L-BK |
| | § | (CRIMINAL CASE NO. 3:14-CR-374-L-3) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Kathryn Grace Dirks' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the Section 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

## I.   BACKGROUND

In 2015, Dirks pled guilty, pursuant to a plea agreement, to conspiring to possess with intent to distribute heroin and was sentenced to 156 months' imprisonment—substantially above the advisory guidelines range of 10-16 months—based on her stipulation in the factual resume that the medical examiner found that Rian Lashley "died as a result of the toxic effects of heroin"

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

and that her "death resulted from the use of the controlled substance that was distributed."
*United States v. Dirks*, No. 3:14-CR-374-L-03, Crim. Doc. 203 (N.D. Tex., Feb. 25, 2016);
Crim. Doc. 99 at 4-5 (*Factual Resume*); Crim. Doc. 204 at 1, 4 (*Statement of Reasons*).  On
December 4, 2017—well over 21 months after the entry of the February 2016 judgment—Dirks
filed a *pro se* notice of appeal, alleging that she had repeatedly asked counsel to file an appeal
but had not received a reply.  Crim. Doc. 238.  Dirks' direct appeal was subsequently dismissed
as untimely.  *United States v. Dirks*, 770 F. App'x 680 (5th Cir. May 23, 2019) (per curiam)
("Regardless of potentially nonfrivolous issues that have been previously identified, it is
dispositive that the Government has declined to waive the untimeliness of the appeal.").

On January 31, 2020, Dirks filed the instant Section 2255 motion, alleging (1) trial
counsel was ineffective in failing to investigate the cause of Lashley's death and in permitting
Dirks "to plead guilty to an offense to which she is factually innocent," and (2) counsel failed to
file a notice of appeal despite Dirks' request to do so.  Doc. 1 at 4-7.  Because Dirks' Section
2255 motion appeared untimely, the Court directed her to respond regarding the application of
the one-year limitations period, which she has now done.  Doc. 4; Doc. 7.

A review of the relevant pleadings and law reveals that her motion is barred by the
applicable limitations period and should be dismissed.

## II.    ANALYSIS

### A.  The Section 2255 Motion is Time Barred

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-
year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. §
2255.  *See* 28 U.S.C. § 2255(f).  Dirks does not allege any facts that could trigger a starting date
under Sections 2255(f)(2) and (f)(4) and appears to rely instead on Sections 2255(f)(1) and

(f)(3), arguing that her "appeal was dismissed in May 2019" and *Rehaif v. United States*, 588 U.S. —, 139 S. Ct. 2191 (2019), applies to her case. Doc. 7.

    1. *The Motion is Untimely Under Section 2255(f)(1)*

Under Section 2255(f)(1), the limitations period begins to run when the judgment of conviction becomes final. A judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Dirks' conviction became final on March 10, 2016, the last day on which she could have filed a timely direct appeal from the February 25, 2016 judgment. FED. R. APP. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal). The limitations period for seeking Section 2255 relief therefore commenced on that date, and Dirks' Section 2255 motion was due by March 10, 2017. Because Dirks did not file her Section 2255 motion until January 23, 2020—the earliest possible date on which it can be deemed filed—the motion is time-barred.[2]

On December 4, 2017, over 21 months after the Court's entry of judgment, Dirks filed a late *pro se* notice of appeal, Crim. Doc. 238. Dirks asserts that her Section 2255 motion is timely because her "appeal was dismissed in May 2019," less than seven months before she filed this Section 2255 motion. Doc. 1 at 12; Doc. 7 at 1. Contrary to Dirks' assertions, however, the pertinent date is not when her untimely appeal was dismissed, but rather the date on which her conviction became final under Section 2255(f)(1), calculated from when she could have <u>timely</u> appealed.

"[T]he mere filing of a late notice of appeal is not sufficient … to render a final

---

[2] The Section 2255 is deemed filed on January 23, 2020, the date on which Dirks signed it and likely also handed it to prison officials for mailing. Doc. 1 at 13. *See* Rule 3(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use jail/prison's mail system).

conviction nonfinal for purposes of § 2255," for "[i]f the filing of a late notice of appeal reset the running of the limitations period, the statute of limitations … would be rendered ... meaningless." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (per curiam). *See also United States v. Plascencia,* 537 F.3d 385, 389 n.17 (5th Cir. 2008) (criminal defendant should not be permitted to "rescind … finality and obtain tolling of the limitations period by filing a non-effective late notice [of appeal] no matter how much time has passed after the conviction"); *Camillo-Amisano v. United States*, No. 3:16-CV-2173-C-BH, 2017 WL 4325788, at *2 (N.D. Tex. Aug. 31, 2017) (movant's untimely, second notice of appeal did not reset his statute of limitations under § 2255(f)(1)."), *R. & R. adopted*, 3:16-CV-2173-C-BH (N.D. Tex. Sep. 26, 2017), *certificate of appealability denied*, No. 17-11053 (5th Cir. Nov. 13, 2018).  Thus, Dirks' Section 2255 is untimely absent equitable tolling.

2.  *Rehaif and Section 2255(f)(3) are Inapplicable*

Ostensibly relying on Section 2255(f)(3), Dirks argues that the holding in *Rehaif v. United States* applies here and renders her "Section 2255 motion … timely."  Doc. 7 at 1.  Even if *Rehaif* recognized a new right and that right is retroactively applicable under Section 2255(f)(3), [3] Dirks' reliance on *Rehaif* is misplaced.  In *Rehaif*, the Supreme Court held that, in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.  Because *Rehaif* clearly

---

[3] Under Section 28 U.S.C. § 2255(f)(3), the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The United States Court of Appeals for the Fifth Circuit has not addressed whether *Rehaif* is retroactively applicable for purpose of a first Section 2255 motion and the Circuit Courts of Appeals are split on the issue.

does not apply to Dirk's drug trafficking conviction, Section 2255(f)(3) provides her no relief from the limitations bar.

### B. No Basis for Equitable Tolling

A movant is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted)). Here, Dirks posits no facts from which the Court can find that equitable tolling applies; thus, she not carried her burden of establishing that it is warranted. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

### C. Actual Innocence is Not Applicable

The Court liberally construes Dirks' allegations as raising a claim of actual innocence. *See* Doc. 1 at 5 (asserting counsel was ineffective in permitting her "to plead guilty to an offense to which she is factually innocent"); Doc. 2 at 3 (referencing the expert opinions of Drs. Nancy L. Jones and Stephen J. Cina—obtained by Co-defendant Jimison Coleman—that the victim did not die from using heroin). Even so, Dirks does not present a credible claim.

While a claim of actual innocence may provide "a gateway through which a petitioner may pass" after the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A gateway actual innocence claim is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the threshold requirement, a movant must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of

the new evidence.'" *Id.* at 399 (quoting *Schlup*, 513 U.S. at 327).  In this case, Dirks presents no newly discovered evidence that would undermine this Court's confidence regarding the finding of guilt.

Insofar as Dirks challenges the Court's upward variance at sentencing on the basis of actual innocence, her claim likewise fails.  *See* Doc. 2 at 5 ("Movant was given an upward departure because the Court believed the Dallas County Medical Examiner … [o]therwise … [she] would have received a sentence between 10-16 months.").  "[A]ctual innocence jurisprudence 'does not apply to habeas claims based on actual innocence of [the conduct supporting] a sentence.'" *Denman v. United States*, 3:16-CV-1188-G-BK, 2016 WL 3752969, at *2 (N.D. Tex. June 15, 2016) (quoting *United States v. Jones,* 758 F.3d 579, 587 (4th Cir. 2014), *R. & R. adopted*, 2016 WL 3670073 (N.D. Tex. July 11, 2016); *Batts v. United States*, 3:17-CV-1695-N-BK, 2017 WL 3701162, at *2 (N.D. Tex. July 11, 2017) (same), *R. & R. adopted*, 2017 WL 3674854 (N.D. Tex. Aug. 25, 2017).

Consequently, the "actual innocence" exception is inapplicable under the facts of this case, and the Section 2255 motion is time barred.

## III.    CONCLUSION

For the foregoing reasons, Dirks' motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on November 13, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).