IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KATHRYN GRACE DIRKS, #68935-112,** § § | |
| Movant, § § | |
| v. § § | Civil Action No. **3:20-CV-288-L** |
| **UNITED STATES OF AMERICA,** § § | **(Criminal Case No. 3:14-CR-374-L)** |
| Respondent. § § § | |

# ORDER

On November 13, 2020, United States Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8), recommending that the court dismiss this action as time-barred under Rule 4 of the Rules Governing Section 2255 cases. Specifically, she determined that Movant Kathryn Grace Dirks's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Section 2255 Motion") (Doc. 1) should be denied, as it was filed almost three years after the one-year deadline for filing a federal habeas petition. Additionally, Magistrate Judge Toliver determined that Movant's reliance on *Rehaif v. United States*, 139 S.Ct. 2191 (2019), and 28 U.S.C. § 2255(f)(3), are inapplicable to her claims for relief. She also determined that there is no basis for equitable tolling and that actual innocence is not applicable. For these reasons, Magistrate Judge Toliver determined that Movant's Section 2255 Motion is untimely and recommends that the court dismiss it with prejudice as time-barred by the one-year statute of limitations. No objections to the report were filed, and the time for doing so has passed.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as those

of the court.  The court, therefore, **denies** as time-barred Movant's Section 2255 Motion (Doc. 1) and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Movant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the Report.  In the event that Movant files a notice of appeal, she must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 28th day of December, 2020.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**